UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBBIE LUNDIN,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CENTURION OF IDAHO, LLC;<br>and RUSSEL HILL,<br><br>　　　　　　Defendants. | Case No. 1:26-cv-00101-DCN<br><br>**INITIAL REVIEW ORDER BY<br>SCREENING JUDGE** |

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, *et seq*., requires the Court to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff Robbie Lundin's Complaint is subject to screening. Dkts. 3, 1. Upon review of the Complaint, the Court has determined that Plaintiff may proceed.

### REVIEW OF COMPLAINT

### 1.  Factual Allegations

Plaintiff is an Idaho Department of Correction (IDOC) prisoner, incarcerated at Idaho State Correctional Institution (ISCI). He asserts that medical administrator Russel Hill and Hill's employer, Centurion of Idaho, LLC ( the IDOC-contracted medical

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

provider), denied him a new medical boot when his old one wore out. Hill told him that no one could receive a new boot unless one year had passed since receipt of their last one. Plaintiff had to wait another nine months to receive a new boot. In the meantime, he suffered from shin, calf, knee, and hip problems, because he did not have a boot with a lift to correct his congenital leg length difference. He asserts he suffered permanent numbness in his right foot as a result of denial of the new boot at the time of his medical necessity, according to Centurion's one-year replacement policy.

## 2. Eighth Amendment Standard of Law

Plaintiff brings his claim under 42 U.S.C. § 1983, the civil rights statute, and the Eighth Amendment to the United States Constitution. The Eighth Amendment protects prisoners from cruel and unusual punishment, including denial of medical care for serious medical needs when denial is due to a state actor's deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference means the defendant knew of and recklessly disregarded "an excessive risk to inmate health or safety," *id*. at 837; that is, a defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

To bring a § 1983 claim against a private entity performing a government function, such as Centurion, a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains. *Monell v. Dept. of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978); *Tsao v. Desert Palace, Inc*., 698 F.3d 1128, 1139 (9th Cir. 2012) (*Monell* applicable to private entities performing government functions). That is, the entity itself must cause the constitutional violation at issue. *City of*

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

*Canton v. Harris*, 489 U.S. 378, 385 (1989).

Under *Monell*, requisite elements of a § 1983 claim against a private entity performing a state function are the following: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *See Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001).

### 3. Discussion

Plaintiff asserts that denial of a new medical boot was due to a Centurion custom or policy to enforce a random one-year limitation for receiving a new boot, and that Hill and Centurion were deliberately indifferent to Plaintiff's immediate medical need, causing him temporary and permanent injuries. Hill was acting on behalf of Centurion to enforce this custom or policy. Liberally construing the allegations, the Court concludes that Plaintiff may proceed against Centurion and Hill.

### ORDER

**IT IS ORDERED:**

1. Plaintiff may proceed on his Eighth Amendment medical claim against Defendants Centurion of Idaho, LLC, and Russel Hill.

2. Defendants will be allowed to waive service of summons by executing, or having their counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within 30 days. If Defendants choose to return the Waiver of

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

Service of Summons, the answer or pre-answer motion will be due in accordance with Rule 12(a)(1)(A)(ii). Accordingly, the Clerk of Court will forward a copy of the Complaint (Dkt. 3), a copy of this Order, and a Waiver of Service of Summons to the following counsel:

> **Aynsley Harrow Mull**, Associate General Counsel for Centurion, at Ms. Mull's email address on file with the Court, on behalf of **Centurion of Idaho, LLC, and Russel Hill**.

3. Should any entity determine that the defendants for whom counsel for the entity was served with a waiver are not, in fact, its employees or former employees, or that its attorney will not be appearing for the entity or for particular former employees, it should file a notice within the ECF system, with a copy mailed to Plaintiff, indicating which individuals for whom service will not be waived.

4. If Plaintiff receives a notice from Defendants indicating that service will not be waived for an entity or certain individuals, Plaintiff will have an additional 90 days from the date of such notice to file a notice of physical service addresses of the remaining Defendants, or claims against them will be dismissed without prejudice without further notice.

5. The parties must follow the deadlines and guidelines in the Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases, issued with this Order.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

6.   Any amended pleadings must be submitted, along with a motion to amend, within 150 days after entry of this Order.

7.   Dispositive motions must be filed no later than 300 days after entry of this Order.

8.   Each party must ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the ECF system, pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made.

9.   The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule of Civil Practice before the United States District Court for the District of Idaho 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

10.  All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to

INITIAL REVIEW ORDER BY SCREENING JUDGE - 5

Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

11. No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter currently pending before the Court. Motions submitted in violation of this Order may be stricken, summarily denied, or returned to the moving party unfiled.

12. Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

13. Pursuant to General Order 324, this action is hereby returned to the Clerk of Court for random civil case assignment to a presiding judge, on the proportionate basis previously determined by the District Judges, having given due consideration to the existing caseload.

DATED: June 15, 2026

David C. Nye
U.S. District Court Judge

INITIAL REVIEW ORDER BY SCREENING JUDGE - 6